OPINION
In 1994 the Franklin County Grand Jury indicted Michael A. Rodgers, defendant-appellant on one count of rape, two counts of felonious sexual penetration, one count of gross sexual imposition, three counts of aggravated burglary, and one count of attempted aggravated burglary. On June 7, 1994, appellant entered guilty pleas to felonious sexual penetration, aggravated burglary and attempted aggravated burglary, involving separate victims two women and one man. He was found guilty and sentenced accordingly.
On November 19, 1999, the Franklin County Court of Common Pleas conducted a hearing pursuant to R.C. 2950.09(C) to determine whether appellant is a "sexual predator." At the end of the hearing, the court determined by clear and convincing evidence that appellant is a sexual predator pursuant to the factors set forth in R.C. 2950.09(B). Appellant appeals, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
The evidence presented to the trial court at the sexual predator hearing was all stipulated. It consisted of copies of the Department of Corrections sexual predator screening instrument, appellant's updated record, the presentence investigation report, appellant's master file from the institute where he was incarcerated and the impact statement given by the victims at the time of sentencing. The parties also introduced certified copies of the indictment, the guilty plea form and the sentencing entry.
Appellant was convicted for charges arising out of three separate incidents all taking place in the Laurel Lakes apartment complex.
On April 29, 1993, at about 2:40 a.m., a female victim was awakened in her bedroom by appellant who was vaginally raping her. She was unclothed when she fell asleep on her bed. When she realized what was happening, she cried out and appellant pulled up his pants and ran out of the apartment. Appellant told the police that he entered her apartment twice that night. The first time he masturbated on her bed and penetrated her vaginally with his finger. When she began to wake, he ran from the bedroom and left the apartment. Once outside, he stood by her bedroom window watching her. When she had fallen back asleep, he went back inside and committed a second sexual offense.
On June 20, 1993, appellant broke into another apartment at the same complex stealing items from it. The occupant of the apartment was not present, but stated he had to move because appellant was terrorizing the apartment complex by watching people in the neighborhood. Appellant admitted committing this burglary to the police.
On January 17, 1994, appellant tried to break in the apartment of another female victim who was getting ready for bed. She heard a noise about 2:30 a.m., and without turning on lights, went to investigate and saw appellant trying to open her sliding glass door. She called 911 and the police arrived. Appellant told police he was at her apartment to "peep" and that he had removed a window screen, partially opened a window and pushed aside a window blind to get a good view of the female victim.
In the presentence investigation, appellant said several times that he committed the offenses for excitement. Two of the victims have had psychiatric treatment from the trauma experienced by the actions of appellant.
Thus, the record shows that appellant's actions were not single isolated actions but ones that occurred over a period of time. They consisted of not only window peeping but also breaking in apartments, committing burglary and rape.
The evidence favorable to appellant is that he had no prior record for anything other than minor misdemeanor offenses prior to the time he was convicted and sentenced for the offenses herein. He was twenty-five years old at the time of the offenses. The sexual predator screening instrument completed by the Department of Rehabilitation and Correction indicated the presence of only one factor suggesting that he might be a predator — that there had been two victims of his offenses. Appellant partially blamed his problems on substance abuse. In prison, appellant has apparently had no problems and has participated in educational, religious and treatment programs. He has not participated in sexual offender treatment, as no treatments were available at Orient where he was incarcerated. He has obtained his GED and has completed courses in vocational electronics, alternatives to violence, anger management and substance abuse education.
The trial court is required to review all relevant and admissible evidence to determine whether an offender is a sexual predator. Those factors are set forth in R.C. 2950.09(B)(2); however, the trial court is not required to state on the record his findings pertaining to each factor. State v. Cook (1998),83 Ohio St.3d 404.
The dominant factors which are sufficient to constitute clear and convincing evidence that appellant is a sexual predator are that he committed acts of voyeurism for excitement and had no reticence about breaking into the places where he was peeping and burglarizing or sexually molesting women who might be there. While his prison records reflect that he has performed satisfactorily in a controlled environment, there is no evidence sufficient to offset this overwhelming evidence of prior conduct that he is likely to reoffend. He has had no psychiatric or other treatment concerning his basic underlying problems that led him to commit the acts for which he was convicted. Appellant is not responsible that treatment programs of this nature have not been available; however, the purpose of R.C. Chapter 2950 is not to punish the offender but to provide protection to residents in the community where he resides after being released from prison. Statev. Cook, supra.
Appellant urges the court to hold that appellant cannot be found to be a sexual predator based upon the facts of the events or offenses for which he has been committed to prison. While in some instances the facts of a prior offense, particularly of a single isolated incident, may not be sufficient to find that a defendant is likely to commit another sexually oriented offense in the future, there are other instances when the past events demonstrate a pattern strongly supporting a determination that there is a propensity to engage in similar behavior in the future. In that event, evidence of past events only may be sufficient. See State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported. A trial court may look to an offender's past behavior to determine his propensity to engage in similar behavior in the future. Kansas v. Hendricks (1997), 521 U.S. 346, 358, quotingHeller v. Doe (1993), 509 U.S. 312, 323. A trial court is required to consider any behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(j).
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
BOWMAN, P.J. and LAZARUS, J., concur.